UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN NKWUO,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY HUMAN RESOURCES, et al.,<br><br>Defendants. | Case No. 16-cv-06741-BLF<br><br>**ORDER VACATING HEARING ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; GRANTING MOTION WITHOUT LEAVE TO AMEND; AND DISMISSING ACTION**<br><br>[Re: ECF 44] |

Plaintiff John Nkwuo, proceeding *pro se*, claims that the County of Santa Clara refused to consider or interview him for three positions because of his race, national origin, and age. He brings suit under federal anti-discrimination statutes and state common law. Defendants, the County and several individuals allegedly involved in the hiring decisions, successfully moved to dismiss the original complaint under Federal Rule of Civil Procedure 12(b)(6). The Court issued a reasoned order on that motion, identifying numerous deficiencies in the complaint and granting Nkwuo leave to amend. *See* Order Granting Defendants' Motion to Dismiss Complaint with Leave to Amend ("Dismissal Order"), ECF 42.

Nkwuo timely filed the operative first amended complaint ("FAC"), asserting claims for (1) race discrimination under Title VII[1], (2) national origin discrimination under Title VII, (3) age discrimination under the ADEA[2], and (4) intentional infliction of emotional distress ("IIED"). Defendants filed the present motion to dismiss on July 17, 2017, arguing that Nkwuo has not

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

[2] Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*

cured the pleading deficiencies identified by the Court in its Dismissal Order. Nkwuo has not filed an opposition to the motion, and the time to do so has elapsed. *See* Civ. L.R. 7-3(a) (opposition due not more than 14 days after motion was filed).

The Court has determined that Defendants' motion is appropriate for disposition without oral argument and therefore the hearing set for December 7, 2017 is VACATED. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion is GRANTED WITHOUT LEAVE TO AMEND and the action is DISMISSED.

## I. BACKGROUND[3]

Nkwuo holds a Bachelor's degree in electrical engineering and a Master's degree in information technology, and he has more than twenty-two years of industrial experience. FAC at 13, ECF 43.[4] He also "is a registered Professional Engineer with the State of California (License No. E 15500) issued by the State California Boards of Professional Engineer and Land Survey." *Id.* Between June 23, 2014 and July 15, 2014, Nkwuo applied for three positions with the County: Electrician, Engineering Assistant, and Enterprise IT Business Specialist. *Id.* at 12. He was informed that he was not qualified for any of the positions, and he was not interviewed or hired. *Id.* at 13-14.

Nkwuo filed this lawsuit after obtaining an "EEOC Right to Sue Letter." FAC at 14. He alleges that the County discriminated against him "because he is a Black US Citizen and Immigrant with National Origin of African Decent [sic]." *Id.* at 17. He also alleges that "No Black Job Applicant of any age including Plaintiff who older than 49 years of age was tested, interviewed or hired." *Id.* at 19. Finally, Nkwuo claims that "[a]ll Defendants actions have aggrieved the Plaintiff and subjected the plaintiff to series of emotional distress for which legal remedy are inadequate." *Id.* He seeks "monetary relief from Defendants for Intentional Infliction of Emotional Distress damages of $1000,000 per Year for the number of years it was inflicted";

---

[3] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

[4] Because Nkwuo has not numbered the paragraphs of his pleading as required by Federal Rule of Civil Procedure 10(b), the Court cites to the FAC by page number.

"Lost wages of $250,000 that Plaintiff would have earned if Plaintiff was hired from 2014. to 2016"; and "compensatory and punitive damages of $1000,000.00." *Id.* at 25.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Individual Defendants

Nkwuo lists the following individuals as defendants in the caption of his FAC: John Dam, Luke Leung, Shrerae Moresco, Irene Vaquerano, Leticia Soto, and Laura Salas. In its Dismissal Order, the Court noted that "[w]ith respect to the individual defendants, the complaint contains no allegations whatsoever regarding their conduct." Dismissal Order at 3, ECF 42. The Court dismissed all claims against the individual defendants on that basis, with leave to amend. *Id.* Nkwuo has not even attempted to cure that defect; none of the individual defendants is mentioned in the FAC except in the caption.

Accordingly, the Individual Defendants' motion to dismiss is GRANTED as to all claims of the FAC.

3

**B.     County**

    **1.     Discrimination – Claims 1, 2, and 3**

Nkwuo asserts that the County's refusal to consider or interview him was due to discrimination on the basis of his race (Claim 1), national origin (Claim 2), and age (Claim 3). In its Dismissal Order, the Court explained to Nkwuo that in order to plead a discrimination claim, he must allege facts showing that he was qualified for the positions for which he applied. *See* Dismissal Order at 4-6, ECF 42. The Court referred Nkwuo to cases discussing that requirement, including *Mack v. California Dep't of Corr. & Rehab.*, Case No.: 1:15-cv-01600 JLT, 2016 WL 5846995, at *3 (E.D. Cal. Oct. 5, 2016), and *Korkosz v. Clark Cty.*, 379 F. App'x 593, 595 (9th Cir. 2010). *See id.* The Court pointed out that Nkwuo "does not allege what qualifications the County required for the positions of Electrician, Engineering Assistant, and Enterprise IT Business Specialist, or that he possessed those qualifications." *Id.* at 4-5.

The Court also noted that documents which Nkwuo had attached to the complaint "suggest that the County required particular qualifications for the positions that Nkwuo did not possess." Dismissal Order at 5, ECF 42. For example, the County stated in its response to Nkwuo's EEOC charge that applicants must have completed a recognized apprenticeship program or equivalent training for the Electrician position, and that applicants must have or obtain a Class B Driver's license with an air brake endorsement for the Engineering Assistant position. *See* County's Response, Exh. 3 to Compl., ECF 1. In explaining why Nkwuo's failure to address the relevant qualifications was fatal to his claims, the Court stated that "Nkwuo's personal belief that he was discriminated against is insufficient to state a claim – he must allege facts giving rise to a reasonable inference of discrimination." Dismissal Order at 5, ECF 42.

Instead of adding facts showing that he was qualified for the Electrician, Engineering Assistant, and Enterprise IT Business Specialist positions, Nkwuo simply omitted the EEOC documents setting forth the qualifications for those positions. *Compare* Compl., ECF 1, *with* FAC, ECF 43. However, the Court may take judicial notice of Nkwuo's EEOC charge and the County's response thereto or, alternatively, may consider them under the incorporation by reference doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by

4

1 reference doctrine permits a court to consider documents referenced in but not physically attached to the complaint); *Coleman v. Boeing Co.*, No. C13-1788RSL, 2014 WL 266333, at *1 n.1 (W.D. Wash. Jan. 23, 2014) (court may take judicial notice of documents filed with and by the EEOC as matters of public record). As discussed above, those documents suggest that the County required very specific qualifications for the Electrician, Engineering Assistant, and Enterprise IT Business Specialist positions. Nkwuo has not alleged facts showing that he had those qualifications or that the County would have accepted alternative qualifications for the positions in question.

The FAC contains only the most conclusory allegations regarding Nkwuo's qualifications for the positions: "Plaintiff has established a prima facie case of desperate treatment and Plaintiff allege that (i) Plaintiff belongs to a racial minority; (ii) has applied and was qualified for the jobs for which Santa Clara County Human Resources was seeking applicants for ; (iii) that despite Plaintiff qualifications he was rejected, and (iv) that after Plaintiff rejection, the position remained open and that Santa Clara County continued to seek applicants from persons of complainant's qualification." FAC at 6; *see also* FAC at 8-9. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, the County's motion to dismiss is GRANTED as to Claims 1, 2, and 3 of the FAC.

### 2. IIED - Claim 4

Nkwuo asserts IIED by Defendants. In its Dismissal Order, the Court explained that in order to state a claim for IIED, Nkwuo must allege "outrageous conduct," that is, conduct "which is so extreme as to exceed all bounds of that usually tolerated in a civilized society." Dismissal Order at 6, ECF 42 (quoting *Johnson v. Ralphs Grocery Co.*, 204 Cal. App. 4th 1097, 1108 (2012)). The Court concluded that "[b]ecause Nkwuo has not alleged facts showing discrimination or other misconduct on the part of Defendants, he has not alleged that the County's hiring decisions were outrageous." *Id.*

Nkwuo has not cured that pleading defect. He asserts that "all Defendants actions were outrageous and have aggrieved the Plaintiff, consequently subjected the plaintiff to series of

emotional distress for which legal remedy are inadequate." FAC at 10. He also asserts that "[t]his emotional distress of the Plaintiff is the result Individual Defendants (Santa Clara County) outrageous acts of Arbitrary, Capricious, Bad Faith and Employment Discrimination based on Race, Age and National Origin perpetuated on the Plaintiff, in addition to the Elderly and Financial Abuse that Defendants caused the Plaintiff." *Id.* at 11. However, as discussed above, Nkwuo has not alleged facts showing discrimination. Moreover, while he refers to "Elderly and Financial Abuse," Nkwuo has neither asserted a claim for elder or financial abuse nor alleged facts which would make out such a claim. Finally, the County cannot be held liable on a common law claim such as IIED; all liability against the County must be based on statute. *See Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma*, 644 F. Supp. 2d 1177, 1207-08 (N.D. Cal. 2009) (dismissing negligence, false arrest and imprisonment, and IIED claims against a county for failing to plead a statutory basis for the county's liability).

Accordingly, the County's motion to dismiss is GRANTED as to Claim 4 of the FAC.

### C. Leave to Amend

The Court next must determine whether leave to amend is warranted. In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

The record does not reflect undue delay or bad faith on the part of Nkwuo, and Defendants have not established that granting leave to amend would cause them undue prejudice. However, Nkwuo has failed to cure pleading deficiencies identified by the Court in its Dismissal Order, and he has not given any indication that he would be able to cure those deficiencies if given a further

opportunity to do so. Although the Court specifically pointed out that Nkwuo had not alleged any facts whatsoever about the individual defendants, Nkwuo did not add any allegations about the individual defendants to the FAC. Similarly, although the Court explained that Nkwuo must allege *facts* showing that he was qualified for the positions for which he applied, Nkwuo again included only conclusory allegations regarding his qualifications in the FAC. Nothing in this record suggests that Nkwuo would or could do better in another round of pleading. This is particularly true given that Nkwuo did not even file opposition to Defendants' motion to dismiss the FAC.

Accordingly, after weighing the *Foman* factors, the Court concludes that it is appropriate to dismiss the FAC WITHOUT LEAVE TO AMEND.

## IV. ORDER

(1) Defendants' motion to dismiss the FAC is GRANTED WITHOUT LEAVE TO AMEND; and

(2) The action is hereby DISMISSED.

Dated: August 21, 2017

BETH LABSON FREEMAN
United States District Judge